IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BUILDERS BANK, an Illinois State Chartered Bank,** | ) ) ) | |
| Plaintiff, | ) ) | No.  08 C 1445 |
| v. | ) ) | Judge Zagel |
| **LYMAN EATON, RICHARD TODD, STEPHEN STOELK and DGHD-BOREGO LLC, an Indiana Limited Liability Company**, | ) ) ) ) ) | Magistrate Judge Cole |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants Lyman Eaton, Richard Todd, Stephen Stoelk and DGHD-Borego LLC, by their attorneys, for their answer state:

### Nature of the Action

1. This is an action on the Guarantees of a note executed by the Defendants.

**ANSWER**:   Admitted.

### Jurisdiction

2. Jurisdiction of this Court is provided for in 28 U.S.C. § 1332(a)(l), which gives United States District Court original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  Here, the citizenship of Plaintiff (Illinois) and Defendants are completely diverse (Oregon and Indiana, respectively, for Defendants). As Plaintiff seeks at least $2,500,000.00, the amount in controversy exceeds $75,000.00.

**ANSWER**:   Admitted, except defendants deny that plaintiff has averred citizenship of defendants to properly invoke this Court's jurisdiction.

CHGO1\31212695.3

### Venue

3.      Venue is proper in the Northern District of Illinois as the acts and transactions of Defendant giving rise to the cause of action occurred within the Northern District. The Northern District of Illinois is also a proper forum in light of the contractual forum selection clause contained in the parties' agreements. (See Exhibit A, page 9; Exhibit B pp. 7-8).

**ANSWER**:    Admitted.

### Plaintiff

4.      Plaintiff, **Builders Bank,** is an Illinois Banking Corporation with principal offices in Chicago, Illinois.

**ANSWER**:    Admitted.

### Defendant

5.      Defendant **Lyman Eaton** is an individual citizen of Oregon. As more fully described below, in April of 2005, Defendant executed a guaranty in favor of Plaintiff as an inducement for Plaintiff to lend money to an entity known as Borrego Resort Holdings, LLC.

**ANSWER**:    Admitted, except defendants deny that defendant Lyman Eaton is an individual citizen of Oregon and deny that the guaranty was executed in April of 2005 and as an inducement for plaintiff to lend money.

6.      Defendant **Richard Todd** is an individual citizen of Oregon. As more fully described below, in April of 2005, Defendant executed a guaranty in favor of Plaintiff as an inducement for Plaintiff to lend money to an entity known as Borrego Resort Holdings, LLC.

**ANSWER**:    Admitted.

7.      Defendant **Stephen Stoelk** is an individual citizen of Oregon. As more fully described below, in April of 2005, Defendant executed a guaranty in favor of Plaintiff as an inducement for Plaintiff to lend money to an entity known as Borrego Resort Holdings, LLC.

**ANSWER**:    Admitted.

8.      Defendant **DGHD-Borego, LLC** ("Borego") is an Indiana Limited Liability Company. On information and belief, Plaintiff alleges that Defendant Borego has principal offices in Indianapolis, Indiana. Borego also executed a guaranty in favor of Plaintiff as an inducement for Plaintiff to lend money to an entity known as Borrego Resort Holdings, LLC.

**ANSWER**:    Admitted, except defendants deny that the guaranty was executed as an

inducement for plaintiff to lend money.

## Cause of Action

9. On April 14, 2005, an Oregon Limited Liability Company named **Borrego Resort Holdings, LLC** ("Borrego Resort") executed and delivered to Plaintiff a mortgage note in the original principal amount of $2,500,000.00. (See Exhibit A attached).

   **ANSWER**: Admitted.

10. Concurrently with the execution of the Note referred to in paragraph 9, and as an inducement to make the loan to Borrego Resort, Defendants Richard Todd and Stephen Stoelk executed and delivered to Plaintiff a guaranty of payment and performance of the obligations of Borrego Resort under the Note. (See Exhibit B attached).

   **ANSWER**: Admitted.

11. The maturity date of the Note was extended numerous times. (See Group Exhibit C).

   **ANSWER**: Admitted.

12. In February 2006, in return for the extension of the maturity date, an equity investor, DGHD-Borego, LLC, and one of its owners, Lyman Eaton, guaranteed the obligations of Borrego Resort under the note. (See Exhibit D).

   **ANSWER**: Admitted.

13. Each of the guarantees contained language in bold 12-point type, fixing the situs of any litigation between the parties in Chicago, Illinois, as follows:

   **CONSENT TO JURISDICTION. TO INDUCE LENDER TO ACCEPT THIS GUARANTY, EACH GUARANTOR IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS GUARANTY WILL BE LITIGATED IN COURTS HAVING SITUS IN CHICAGO, ILLINOIS. EACH GUARANTOR HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CHICAGO, ILLINOIS, WAIVES PERSONAL SERVICE OF PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO SUCH GUARANTOR AT THE ADDRESS STATED HEREIN AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT.**

(See Exhibit B, par. 18; Exhibit D, par. 18)

3

CHGO1\31212695. 3

inducement for plaintiff to lend money.

## Cause of Action

9. On April 14, 2005, an Oregon Limited Liability Company named **Borrego Resort Holdings, LLC** ("Borrego Resort") executed and delivered to Plaintiff a mortgage note in the original principal amount of $2,500,000.00. (See Exhibit A attached).

   **ANSWER**: Admitted.

10. Concurrently with the execution of the Note referred to in paragraph 9, and as an inducement to make the loan to Borrego Resort, Defendants Richard Todd and Stephen Stoelk executed and delivered to Plaintiff a guaranty of payment and performance of the obligations of Borrego Resort under the Note. (See Exhibit B attached).

   **ANSWER**: Admitted.

11. The maturity date of the Note was extended numerous times. (See Group Exhibit C).

   **ANSWER**: Admitted.

12. In February 2006, in return for the extension of the maturity date, an equity investor, DGHD-Borego, LLC, and one of its owners, Lyman Eaton, guaranteed the obligations of Borrego Resort under the note. (See Exhibit D).

   **ANSWER**: Admitted.

13. Each of the guarantees contained language in bold 12-point type, fixing the situs of any litigation between the parties in Chicago, Illinois, as follows:

   **CONSENT TO JURISDICTION. TO INDUCE LENDER TO ACCEPT THIS GUARANTY, EACH GUARANTOR IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS GUARANTY WILL BE LITIGATED IN COURTS HAVING SITUS IN CHICAGO, ILLINOIS. EACH GUARANTOR HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CHICAGO, ILLINOIS, WAIVES PERSONAL SERVICE OF PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO SUCH GUARANTOR AT THE ADDRESS STATED HEREIN AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT.**

(See Exhibit B, par. 18; Exhibit D, par. 18)

**ANSWER**:    Admitted.

14. Additionally, each guarantee contained language requiring the respective guarantors to pay the reasonable attorneys' fees and costs associated with collection efforts under the guaranty. (See Exhibit B, par. 10; Exhibit D, par. 10).

**ANSWER**:    Admitted.

15. Finally, each guaranty contained language in bold 12-point type whereunder each guarantor waived a jury trial and certain counterclaims. (See Exhibit B, par. 19; Exhibit D, par. 19).

**ANSWER**:    Admitted.

16. The final extension Plaintiff was willing to agree to for the maturity date of the Note was March 5, 2008. (See Exhibit E).

**ANSWER**:    Admitted.

17. As of January 17, 2008, Borrego Resort was in default for failure to make its monthly payments. Accordingly, Plaintiff sent notice of the default to Borrego Resort on January 17, 2008. (See Exhibit F). The notice also put Defendant guarantors on notice of the default.

**ANSWER**:    Admitted.

18. On February 4, 2008, Plaintiff accelerated the loan, as was its right under paragraph 6 of the Note. (See Exhibit A, p. 7). A copy of the acceleration letter is attached as Exhibit G.

**ANSWER**:    Admitted.

19. Thereafter, Plaintiff discovered that on June 25, 2007, Borrego Resort had allowed a lien to be placed on the property securing the Note without Plaintiff's permission or knowledge, a circumstance which had been defined as an event of default in the Borrego Resort Note. (See Exhibit A, par. 5.2). Accordingly, on February 19, 2008, Plaintiff sent Borrego Resort a notice that Plaintiff would consider the default to have occurred on the date of the prohibited transfer (June 25, 2007). See Exhibit H.

**ANSWER**:    Denied, except defendants admit that plaintiff sent the notice of which a copy is attached as Exhibit H to the complaint.

20. As of March 1, 2008, the amounts due on the Note (and therefore the guaranties) are as follows:

| | |
|---|---:|
| Unpaid principal | $ 2,245,795.65 |
| Loan Rate Interest | 29,104.98 |
| Default Rate Interest | 107,886.11 |
| Late Fee on Payments | 3,402.04 |
| Late Fee on Accelerated Principal | 112,289.78 |
| Attorney's Fees | 2,500.00 |
| Total | $ 2,500,978.56 |

Per Diem = $1,310.05

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20.

21. Although Plaintiff has demanded of Defendants that they honor their commitment under their respective guaranties, Defendants have refused and continue to refuse to do so.

**ANSWER**: Denied, except defendants admit that plaintiff has demanded that they honor their guaranties.

## FIRST AFFIRMATIVE DEFENSE

### (One Form of Action Rule)

22. Plaintiff's alleged causes of action are barred by California Code of Civil Procedure Section 726(a) which provides that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property…" and Plaintiff has already prosecuted its one action. C.C.P. § 726(a) because Plaintiffs have commenced a non-judicial foreclosure proceeding with respect to the collateral in California.

## SECOND AFFIRMATIVE DEFENSE

### (Security First Rule)

23. Plaintiff's alleged causes of action are barred by California Code of Civil Procedure Section 726(a) which requires lender to foreclose on its security interest first before

5

pursuing a money judgment against guarantor. *See Security Pacific Nat'l Bank v. Wozab*, 51 Cal.3d 991, 997 (1990), because Plaintiff has not exhausted its remedies with respect to the Collateral in California.

### THIRD AFFIRMATIVE DEFENSE

### (Anti-deficiency Statutes)

24. Plaintiff's alleged causes of action are barred by, among other things, California Code of Civil Procedure Sections 580a, 580b and 580d, California's anti-deficiency statutes. *See Union Bank v. Gradsky*, 265 Cal. App. 2d 40 (1968), which bar recovery from a guarantor after a non-judicial foreclosure, and the guaranty agreements preserves the guarantor's right to assert the anti-deficiency statutes as a defense.

**LYMAN EATON, RICHARD TODD, STEPHEN STOELK and DGHD-BOREGO LLC, an Indiana limited liability company**

By: s/David G. Lynch
David G. Lynch –ARDC # 01712942
One of their attorneys
**DLA Piper US LLP**
203 North LaSalle Street, Suite 1800
Chicago, IL 60601
(312) 368-4096

CHGO1\31212695. 3

## CERTIFICATE OF SERVICE

David G. Lynch, an attorney, certifies that on June 23, 2008, he caused the foregoing **Answer to Complaint** to be filed electronically with the court. Notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties indicated below. Parties may access this filing through the Court's CM/ECF system.

- **Richard D. Grossman**
  rgat135@aol.com

                                                                  s/David G. Lynch
                                                                  David G. Lynch